IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Carl Moore, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CO Mr Ramsey, CO Mr. )<br>Warrior, and Miss Hollis, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 8:09-1770-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Defendants' Motion to Dismiss. (Dkt. # 23.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on June 30, 2009, seeking damages for alleged civil rights violations.[1] (Dkt. # 1.) On December 14, 2009, the Defendants filed a motion to dismiss. (Dkt. # 23.) By order filed December 15, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 24.) On February 12, 2010, the Plaintiff filed a response to the Defendants' Motion to Dismiss. (Dkt. # 28.)

---

[1]As there is no prison mailroom stamp indicating when it was received, this date reflects the postmark date on the envelope containing the complaint. (Compl. Attach. # 1.) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

**FACTS**

The Plaintiff is a state prisoner currently incarcerated in the Kirkland Correctional Institution. (*See* Dkt. # 5.) The Plaintiff alleges his constitutional rights were violated while he was a pre-trial detainee at the Colleton County Detention Center ("CCDC"). (Dkt. # 1-Compl.)

In his Complaint, the plaintiff alleges that while he was housed at the CCDC, he did not receive a letter in the mail. Specifically, he alleges that someone at the front desk of the CCDC removed a letter from an envelope addressed to him and when it was given to him "the envelope had a roll up cigarette, or some roll up weed in it." (Compl. at 3.) He states that the Defendant Officer Ramsey put the letter in a bag and refused to give it to the Plaintiff. *Id.* The Plaintiff asserts that the letter was legal mail from the United States District Court. He also states that if he wants to mail a letter, he has to call someone to retrieve it from him at the CCDC. *Id.* He states that he has complained to Captain Fraser, but has not received any response. He is seeking actual damages or that all charges against him be dropped. (Compl. 5.)

**APPLICABLE LAW**

**MOTION TO DISMISS STANDARD**

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving

party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir.1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

## DISCUSSION

**Claim of Denial of Access to Courts**

Liberally construing the Complaint, the Plaintiff has raised claims of denial of access to the courts by alleging that his legal mail has been tampered with. The Defendants contend, inter alia, that the Plaintiff has failed to state a §1983 claim regarding his mail. The undersigned agrees.

To state a claim based on delay or non-delivery of legal mail, an inmate must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White,* 886 F.2d 721, 723 (4th Cir.1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v. Casey,* 518 U.S. 343, 351-52 (1996). Actual injury must be more than theoretical deficiencies, it is showing that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. *Id.*

Here, the Plaintiff's claim regarding any alleged tampering with his mail fails because he has not demonstrated that the alleged interference with his legal mail caused him to suffer any actual injury or prejudice. The Plaintiff has not alleged any specifics regarding the legal mail, except to state it was a letter from this court. Further, the Plaintiff also does not state what, if any, adverse consequences he suffered as a result of the alleged failure to receive this legal mail. *See White,* 886 F.2d at 724. Accordingly, the Plaintiff's claim should also be dismissed because has offered no competent evidence to substantiate his allegations that the Defendants tampered with his legal mail.

**Failure to Respond to Grievance**

As to the Plaintiff's allegations that he did not receive any response to his complaints about the mail, even if the Defendants failed to respond to the Plaintiff's grievances, the Plaintiff has not stated a constitutional claim. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"). Accordingly, the Plaintiff has also failed to state a § 1983 claim based on his grievances not being responded to by the CCDC.[2]

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion to Dismiss (Dkt. # 23) be GRANTED and the Plaintiff's Complaint DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                          s/Bruce Howe Hendricks
                                                          United States Magistrate Judge

April 14, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[2] Furthermore, the undersigned notes that the Plaintiff specifically alleges only Captain Fraser failed to respond and he is not a defendant in this action.

4